# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                                                                                 **Case No:   6:13-cv-1565-Orl-31TBS**

**CYPRESS FAIRWAY CONDOMINIUM**
**ASSOCIATION, INC., CYPRESS**
**FAIRWAY, LTD. and VINELAND**
**PARTNERS, L.L.C.,**

      **Defendants.**

## ORDER

This matter is before the Court without oral argument on Nationwide Mutual Fire Insurance Company's ("Nationwide") Motion for Summary Judgment (Doc. 48), Defendants' Cypress Fairway Condominium Association, Inc., ("Association") Cypress Fairway, Ltd. ("Cypress"), and Vineland Partners, LLC's ("Vineland") Response in Opposition (Doc. 58),[1] and Nationwide's Reply (Doc. 60).

### I.   Introduction

This case arises out of the faulty construction and resulting water intrusion at an apartment complex that was eventually converted to the Cypress Fairway Condominium Complex. Nationwide issued two Business Provider Policies to Cypress. The policies are occurrence policies and, at base, cover liability for personal injury or property damage arising out of the policy holder's business

---

[1] Defendants separately filed the Affidavit of Mr. Daniel R. Webert in opposition to summary judgment. (Doc. 59).

activities. Cypress, the original property owner, is the policyholder, and Vineland is its general partner.

**II.     Facts**

The buildings at issue were constructed between 1999 and 2000. (Doc. 54 at 3; Doc. 54-5 at 40). In October 2004 the complex was sold to Cypress Madison Ownership Company, LLC ("Madison"). From construction to sale in 2004, the property was owned and operated by Cypress. (Doc. 48-2 at 17-19). After the sale, Madison converted the buildings from apartments to condominiums and began selling them off.

In 2010, the Association, on behalf of the condominium owners, sued Cypress and Vineland and others for property damage that occurred prior to October 2004[2] when Cypress sold the project to Madison.[3] Cypress tendered the defense of the case to Nationwide who requested additional information from Cypress to evaluate Nationwide's obligation. There was no written response to Nationwide that provided the requested information. The underlying case was eventually settled by execution of a *Coblentz*[4] agreement and entry of a final judgment in the amount of $2.5 million. In this case, Cypress seeks indemnification for its obligation under that agreement.

The underlying suit contained two claims against Cypress and Vineland. Count V of the underlying complaint asserted that construction defects and deficiencies "implicate inspection, maintenance, and repair work that should have been performed and/or recommended by [Cypress and Vineland] when they owned and managed the Condominium." (Doc. 48-7 at 31). According to

---

[2] *Cypress Fairway Condominium Association, Inc. v. Cypress Madison Ownership Co. et al.*, Case No. 2010-CA-010777-O.

[3] Madison is not a party to this suit.

[4] Named after *Coblentz v. Am. Sur. Co. of New York*, 416 F.2d 1059 (5th Cir. 1969).

the underlying complaint, Cypress and Vineland had a duty to the Association as a "foreseeable future owner of the Condominium" which was breached by: 1) failing to undertake maintenance and/or repairs; 2) failing to report, stop, prevent, and correct the damage from the original construction; and 3) failing to maintain the Condominium in light of the construction deficiencies. Count VI alleged that Cypress and Vineland negligently supplied information which the Association relied on for the purchase of the condominiums, i.e., the Association alleged that it had relied on express or implied representations that the condominium was constructed in a good and workmanlike manner and free of water intrusion.

### III. Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or

allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

**IV.     Analysis**

Under Florida law, a party seeking insurance coverage from a consent judgment in the context of a *Coblentz* agreement must prove: (1) a wrongful refusal to defend; (2) a duty to indemnify; and (3) that the settlement was objectively reasonable and made in good faith. *See Sinni v. Scottsdale Ins. Co.*, 676 F. Supp. 2d 1319, 1324 (M.D. Fla. 2009) (citing *Chomat v. N. Ins. Co. of N.Y.*, 919 So.2d 535, 537 (Fla. 3d DCA 2006)).

Insurance coverage is construed broadly, while policy exclusions are construed narrowly. See *Certain Interested Underwriters at Lloyd's London Subscribing to Certificate of Ins. No. 9214 v. Halikoytakis*, No. 8:09-CV-1081-T-17TGW, 2011 WL 1296816, at *5 (M.D. Fla. Mar. 31, 2011) (citing *Hudson v. Prudential Prop. & Cas. Ins. Co.,* 450 So.2d 565, 568 (Fla. 2d DCA 1984) *aff'd sub nom. Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate of Ins. No. 9214 v. Halikoytakis*, 444 F. App'x 328 (11th Cir. 2011). However, where a policy's exclusion is unambiguous, it will be enforced.

The two policies at issue ran from February 6, 2003 to October 18, 2004.[5] Both policies contain an exclusion for coverage to any property owned by the insured. The exclusion states:

B. EXCLUSIONS

1. Applicable to Business Liability Coverage –

   This insurance does not apply to:

   …

---

[5] The policies were both under one number: 77-09-BP-485-012-3001. (*See* Docs. 1-4 – 1-8.).

>    k. "Property damage" to:
>
>       (1) Property you own, rent or occupy;
>
>       (2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(*See e.g.*, Doc. 1-4 at 38 (the "owned or soled property exclusion")). Further, the term "you" is defined as the named insured, which was Cypress. (*See* Doc. 1-4 at 3).

The owned or sold property exclusion is unambiguous. It specifically excludes coverage for damage to property owned by the named insured—Cypress.[6] It is undisputed that cypress was both the owner of the property and the named insured.[7] Thus, Nationwide had no duty to defend Cypress in the underlying lawsuit and has no duty to indemnify Cypress for its *Coblentz* obligation in that case.

Defendants assert that the terms of the exclusion are ambiguous and should be read as only applying to property still owned at the point of the lawsuit—specifically that the tense of the exclusion does not apply to property no longer owned by the insured. (*See* Doc. 58 at 16-19). A similar argument was presented and rejected in *Genesis Insurance Co. v. BRE Properties*, 916 F. Supp. 2d 1058 (N.D. Cal. 2013), in which the court stated:

> The purpose of insurance is to insure against uncertain future risks. Thus, at the time of contracting, the risk of damage is in the future, so the present tense of the exclusion refers to a time after the time of contracting. Thus, "damage to property you own" refers to damage to property the insured owns when the damage occurs at some future time after purchase of the policy.

---

[6] Vineland's claim, if any, as the general partner of Cypress, is dependent upon the validity of Cypress' claim.

[7] In its brief, Defendants admit that Nationwide can only be responsible for property damage that occurred during the policy period. (Doc. 58 at 19).

*Id.*, at 1068-69; *see also Colony Ins. Co. v. Montecito Renaissance, Inc.*, No. 8:09-CV-1469-T-30MAP, 2011 WL 4529948, at *9 (M.D. Fla. Sept. 30, 2011) (holding that negligent misrepresentation does not qualify as occurrence under the policy but noting even if it did, the property you own exclusion would preclude coverage). The exclusion is not ambiguous, even if it were the analysis in *Genesis* would be compelling.

Therefore, it is

**ORDERED,** that the Plaintiff's Motion for Summary Judgment (Doc. 48) is **GRANTED.** The Court will enter a separate Final Declaratory Judgment.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party